**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICKY GEORGE FOUNTAINE,

    Defendant - Appellant.

No. 02-3354

(D. Kansas)

(D.C. No. 02-CR-40026-JAR)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **ANDERSON** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ricky George Fountaine appeals the sentence imposed following his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We vacate Fountaine's sentence and remand for resentencing.

Fountaine pled guilty to being a felon in possession of a firearm. The possession occurred on January 8, 2002. When his presentence report was prepared, the probation officer calculated his total offense level at 21 and his criminal history category at VI, resulting in a guideline range of seventy-seven to ninety-six months. The court sentenced him to seventy-seven months' imprisonment.

Fountaine disputes the criminal history calculation, arguing that it incorrectly included all three sentences imposed by Kansas courts in the 1980s, outside of the fifteen-year period provided in United States Sentencing Commission, Guidelines Manual ("USSG") §4A1.2(e)(1) (2001). [1] The

---

[1]Section 4A1.2(e)(1) provides that, for the purpose of calculating criminal history, the following prior sentences are counted:

(1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

USSG §4A1.2(e)(1).

government agrees and asks that this case be remanded for resentencing with the criminal history calculation revised as asserted by Fountaine. Accordingly, the case is REMANDED for resentencing.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge